# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER HAWKINS,

    Petitioner,

v.

GORE, et al.,

    Respondents.

Case No.: 21-cv-00500-BAS-JLB

**ORDER:**

**(1) DECLINING TO REVIEW DECISION BY CALIFORNIA SUPREME COURT;**

**(2) DIRECTING CLERK TO ENTER JUDGMENT IN ACCORDANCE WITH COURT'S MARCH 25, 2021 ORDER;**

**AND**

**(3) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

On March 19, 2021, Petitioner Christopher Hawkins, who is currently detained at the San Diego County Jail and is proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.) On March 25, 2021, the Court dismissed the instant habeas action for failure to satisfy the filing fee requirement and because the Court must abstain from interference in Petitioner's ongoing criminal proceedings pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). (ECF No. 2.)

On May 18, 2021, *nunc pro tunc* to May 12, 2021, Petitioner filed a document in this Court entitled "Notice of Appeal," directed to "The Southern District Court of the State

1

21cv500

of California County of San Diego," listing the case number as "CD-288450" and indicating the appeal was "from the dismissal of the above action on 4-26-21 regarding D078524 affecting the substantial rights of the defendant P.C. 1237 and regarding the slow processing of mail on behalf of the facility during a global pandemic crisis." (ECF No. 4 at 1.) Petitioner also attaches a copy of a letter from the California Supreme Court to him dated April 26, 2021, returning unfiled Petitioner's petition for review received that same day for lack of jurisdiction, indicating the state appellate court docket reflected a dismissal order was issued February 5, 2021 and the state supreme court "lost jurisdiction to act on any petition for review after April 6, 2021." (*Id.* at 2, citing Cal. Rule of Court 8500(e).)

As an initial matter, it is unclear whether Petitioner seeks action from this Court rather than from the state supreme and/or superior courts, and if so, what action Petitioner seeks from this Court. However, to the extent Petitioner seeks review of the California Supreme Court's April 26, 2021 letter returning Petitioner's petition for review without filing it by this Court, the Court **DENIES** this request. Instead, the Court must continue to abstain given Petitioner's ongoing state criminal proceedings, as outlined in the Court's March 25, 2021 Order dismissing the case without prejudice. (*See* ECF No. 2 at 2–3.)

To the extent Petitioner seeks to appeal to the Ninth Circuit this Court's March 25, 2021 Order dismissing the case for failure to satisfy the filing fee requirement and abstention, such action is currently premature because the Court has not yet entered judgment in the instant case, but such a request is valid given all that remains is to enter judgment. *See In re Jack Raley Constr., Inc.*, 17 F.3d 291, 294 (9th Cir. 1994) (quoting *American Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 813 (5th Cir. 1993)) ("A premature notice of appeal is valid when '(a)ll that remained was the clerk's ministerial task of entering a Rule 58 judgment.'"). Upon review, the Court finds entry of judgment is appropriate because as previously stated, the Court must abstain in view of the ongoing state criminal proceedings. (*See id.* at 2–3.) Accordingly, the Court **DIRECTS** the Clerk to enter judgment dismissing this case without prejudice in accordance with the Court's March 25, 2021 Order.

2

21cv500

Even with judgment entered, a petitioner may not appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" except where "a circuit justice or judge issues a certificate of appealability [("COA")]." 28 U.S.C. § 2253(c)(1)(A). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has further explained:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this instance, it is evident the Court's March 25, 2021 Order was procedural in nature because the Court concluded it was barred from considering Petitioner's constitutional claims and dismissed the Petition prior to substantive review of those claims for failing to satisfy the filing fee requirement and due to abstention. (*See* ECF No. 2.)

Upon review of the standard outlined in *Slack*, the Court concludes a certificate of appealability is not warranted because neither would reasonable jurists find it debatable whether the Petition states a valid claim of the denial of a constitutional right, nor would reasonable jurists find debatable the correctness of the Court's procedural rulings concerning Petitioner's failure to satisfy the filing fee requirement and *Younger* abstention. *See Slack*, 529 U.S. at 484; *see also* 28 U.S.C. § 2253(c). Accordingly, the Court **DECLINES** to issue a COA from its order of dismissal.

## CONCLUSION AND ORDER

For the reasons discussed above, to the extent Petitioner requests in the recently filed Notice of Appeal from Dismissal that the Court review the state supreme court's April 26, 2021 ruling, this Court **DENIES** this request because the Court must continue to abstain from interference in the ongoing state criminal proceedings pursuant to *Younger*.

To the extent Petitioner seeks to appeal to the Ninth Circuit, the Court: (1) **DIRECTS** the Clerk to enter judgment dismissing this case without prejudice in accordance with the Court's March 25, 2021 Order; and (2) **DECLINES** to issue a certificate of appealability from its March 25, 2021 Order dismissing the case without prejudice.

**IT IS SO ORDERED.**

DATED: June 1, 2021

Hon. Cynthia Bashant
United States District Judge